# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWIGHT GEORGE MUNDLE,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:CV-17-1460 |
| v. | : | (Judge Caputo) |
| **CRAIG LOWE,** *et al.,* | : | |
| Respondents | : | |

# M E M O R A N D U M

## I. Introduction

On August 13, 2017, Petitioner Dwight George Mundle, filed this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his mandatory detention pursuant to section 236(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1226(c), by the United States Department of Homeland Security, Immigrations and Customs Enforcement (ICE) since January 11, 2017, without an individualized bond hearing and determination to justify his detention. He contends his prolonged and continued mandatory detention under 28 U.S.C. § 1226(c) violates his Due Process rights. Mr. Mundle seeks release from detention or a bond hearing before an Immigration Judge (IJ). (ECF No. 1, Pet.) Respondent does not object to Mr. Mundle's request for a bond hearing before an IJ. (ECF No. 11, Resp.)

For the reasons that follow, the Court will grant Mr. Mundle's Petition and direct an IJ conduct a bond hearing within thirty days.

## II. Standard of Review

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). Because Petitioner asserts that his detention is not statutorily authorized this Court has subject matter jurisdiction over the § 2241 Petition. *See Zadvydas v. Davis,* 533 U.S. 678, 699, 121 S.Ct. 2491, 2503 - 04, 150 L.Ed. 653 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.,* 656 F.3d 221, 234 (3d Cir. 2011).

## III. Background

Mr. Mundle, a native and citizen of Jamaica, last entered the United States at New York, New York, on July 13, 2000, as a non-immigrant visitor. (ECF No. 11-1, pp. 3, 4 and 6.) Although Mr. Mundle claimed previous entry to the United States on a student visa in 1999, immigrations officials could not verify this claim. (*Id*., p. 4.) He has never been a Lawful Permanent Resident of the United States. (*Id*., pp. 5 and 9.)

ICE officials encountered Mr. Mundle at FCI-Allenwood while he was serving a twenty-seven month sentence following a July 13, 2016 conviction in the United States District Court, Southern District of New York, for transmitting a threat in interstate commerce in violation of 18 U.S.C. § 875(c).[1] In addition to the conviction he was serving, Mr. Mundle had compiled several other criminal convictions including conspiracy to distribute and possess with intent to distribute controlled substances (marijuana) and aiding and abetting the discharge of a firearm. A 41 month term of imprisonment was imposed by the United States District Court, Southern District of New York.[2] (*Id.*, p. 5.)

On January 5, 2017, the same day Mr. Mundle was taken into ICE custody, ICE officials issued a Notice of Intent to Issue a Final Administrative Removal Order charging Mr. Mundle as removable from the United States pursuant to Section 237(a)(2)(A)(iii) of the INA based on his conviction for an aggravated felony as defined in Section 101(a)(43) of the INA. (*Id.*, pp. 5 - 6.) On January 30, 2017, Mr. Mundle was served with a Final Administrative Removal Order. (*Id.*, p. 9) In relevant part, the Order states:

> I find that you are not a citizen or national of the United States and that you are not lawfully admitted for permanent residence. I further find that you have a final conviction for an aggravated felony as defined in section

---

[1] The United States Court of Appeals for the Second Circuit recently affirmed the judgment of the United States District Court for the Southern District of New York. *See United States v. Mundle*, 700 F. App'x 70 (2d Cir. 2017).

[2] Mr. Mundle admits to pleading guilty to both counts and serving a 41 month sentence for these convictions. (ECF No. 1, Pet. ¶ 14.)

> 101(a)(43)(B+U) of the Immigration and Nationality Act (Act) as amended, 8 U.S.C. 1101(a)(43)(B+U), and are ineligible for any relief from removal that the Secretary of Homeland Security, may grant in an exercise of discretion. I further find that the administrative record established by clear, convincing, and unequivocal evidence that you are deportable as an alien convicted of an aggravated felon pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii) … I find you deportable as charged and order that you be removed from the United States to Jamaica or to any alternative country prescribed in section 241 of the Act.

(*Id*., p. 9.)[3]

On May 16, 2017, noting that Mr. Mundle was "IN WITHHOLDING-ONLY PROCEEDINGS," an IJ denied Petitioner's application for deferral of removal under the Convention Against Torture. (*Id*., p. 10.) Petitioner appealed the IJ's decision to the Board of Immigration Appeals (BIA). (*Id*., p. 11.) On October 20, 2017, the BIA dismissed Petitioner's appeal. (*Id*., pp. 14 – 15.)

On October 27, 2017, Mr. Mundle filed a Petition for Review with the United States Court of Appeals for the Third Circuit and requested a stay of his removal order. The same day the Third Circuit Court of Appeals granted Mr. Mundle a

---

[3] 8 U.S.C.§ 1101(a)(43) defines, in relevant part, the term "aggravated felony" to include:

> (B) illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18);
>
> …
>
> (U) an attempt or conspiracy to commit an offense described in this paragraph.

8 U.S.C. § 1101(a)(43)(B) and (U).

temporary stay of removal until the Court could "consider [Mr. Mundle's] motion for a stay of removal." (*Id*., p. 17.)  Mr. Mundle's appeal is currently pending before the Third Circuit Court of Appeals.  *See Mundle v. Att'y Gen. of United States*, 17-3360 (3d Cir.) (docket sheet, available at https://ecf.ca3.uscourts.gov) (last visited Jan. 9, 2018).

**III.    Discussion**

Mr. Mundle is not yet subject to a final order of removal as his withholding only proceedings are ongoing and there is a temporary stay of removal is in place. Thus, his pre-final order detention is dictated by either 8 U.S.C. § 1226(a) or 8 U.S.C. § 1226(c).  The distinction under which provision Mr. Mundle is detained is significant when considering if, and when, he is entitled to a bond hearing.  *See* 8 U.S.C. § 1226(a) and (c)*; see also Contant,* 352 F. App'x 692, 695 – 96 (3d Cir. 2009) (distinguishing § 1226(a) detainees from § 1226(c) detainees).

Mr. Mundle contends that he is improperly detained under 8 U.S.C. § 1226(c) rather than 8 U.S.C. § 1226(a) and that to date he has not received an individualized bond hearing.  (ECF No. 1, Pet.)  However, Petitioner does not present any evidence to contradict that he has not been convicted of an aggravated felony, as defined by 8 U.S.C. 1227(a)(2)(A)(iii), and set forth in his notice of removal.[4]  Based on the record before the Court, including Mr. Mundle's admission of pleading guilty to the federal drug charges, the Court finds that Petitioner is held pursuant to 8 U.S.C. § 1226(c) as he stands convicted of an aggravated felony.  In turn, as a

---

[4] Mr. Mundle did not file a Reply in support of his petition for habeas corpus.

criminal alien, he is subject to mandatory detention pending the completion of his removal proceedings. *See* 8 U.S.C. § 1226(c)(1).

Unlike Section 1226(a), Section 1226(c) does not permit an individualized, discretionary bond determination hearing before an IJ upon the alien's request. *Compare* 8 U.S.C. § 1226(a)(2) and (c)(2). Section 1226(c) does not authorize the Attorney General to release aliens convicted of aggravated felonies, like Mr. Mundle, on bond. *See Demore v. Kim*, 537 U.S. 510, 531, 123 S.Ct. 1708, 1722, 155 L.3d.2d 724 (2003) and *Chavez-Alvarez*, 783 F.3d at 473 (citing *Diop*, 656 F.3d at 235). However, "there are limits to this authority power". *Chavez-Alvarez*, 783 F.3d at 473.

"[S]ection § 1226(c) 'implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purpose of ensuring that an alien attends proceedings and that his release will not pose a danger to the community.'" *Chavez-Alvarez*, 783 F.3d at 475 (quoting *Diop*, 656 F.3d at 231-32). "[W]hen detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Diop*, 656 F.3d at 233. At such a hearing, which are "fact-dependent," the Government must "produce individualized evidence that [the alien's] detention was or is necessary." *Chavez-Alvarez*, 783 F.3d at 478. The Third Circuit Court of Appeals, without establishing a bright-line rule, held that:

> Beginning sometime after the six-month time frame considered by *Demore*, and certainly by the time [the alien] had been detained for one year, the burden to [the petitioner's] liberties outweigh[ ] any justification for using presumptions to detain him without bond to further the goals of the statute…[T]he underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [the petitioner's] continued detention was or is necessary.

*Chavez-Alvarez*, 783 F.3d at 478.

Applying these standards to Mr. Mundle, who has been subject to mandatory detention pursuant to Section 1226(c) for a little over one year, the Court concludes that he is entitled to an individualized bond hearing before an IJ to determine "whether [his] detention is still necessary to fulfill the [INA's] purpose of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community" if released pending the outcome of his immigration proceedings. *Diop*, 656 F.3d at 231.

An appropriate order will follow.

Date:  January 29, 2018  /s/ A. Richard Caputo
  **A. RICHARD CAPUTO**
  **United States District Judge**