**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DWIGHT GEORGE MUNDLE,** | : | |
| Petitioner | : | **CIVIL ACTION NO. 3:CV-17-1460** |
| v. | : | **(Judge Caputo)** |
| **CRAIG LOWE**, *et al.,* | : | |
| Respondents | : | |

**O R D E R**

**AND NOW**, this **29th** day of **JANUARY**, **2018**, upon consideration of Mr. Mundle's Petition for Writ of Habeas Corpus (ECF No. 1), it is **ORDERED** that:

1. Mr. Mundle's Petition for Writ of Habeas Corpus is **GRANTED IN PART** to the extent he will be afforded an individualized bond hearing.

2. Mr. Mundle's Petition for Writ of Habeas Corpus is **DENIED IN PART** to the extent he sought his immediate release from detention.

3. An Immigration Judge shall afford Mr. Mundle an individualized bond hearing within thirty (30) days of the date of this Order.

4. At the bond hearing, the Immigration Judge shall make an individualized inquiry into whether detention is still necessary to fulfill the purposes of ensuring that Petitioner attends removal proceedings and that his release will not pose a danger to the community. *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 475 (3d Cir. 2015).

5. At the bond hearing, the Government bears the burden of presenting evidence and proving that continued detention is necessary to fulfill the purposes of the detention statute. *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011).

6. Within ten (10) days of the Immigration Judge's hearing, Respondent shall report to the District Court on the outcome of the individualized bond hearing.

7. The Clerk of Court is directed to **CLOSE** this case.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**