# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DWIGHT GEORGE MUNDLE,

    Petitioner,

    v.

CRAIG LOWE, *et al.*,

    Respondents.

NO. 1:17-CV-1460

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me are a Rule 60(b) Motion for Relief from Judgment/Motion to Enforce (Doc. 16) and a Supplemental Motion to Enforce Court's Prior Order (Doc. 23) both filed by Petitioner Dwight George Mundle ("Mr. Mundle" or "Petitioner"). For the reasons that follow, the motions will be denied.

## I. Background

The pertinent factual background, as set forth in my January 29, 2018 opinion granting in part and denying in part Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, is as follows:

> Mr. Mundle, a native and citizen of Jamaica, last entered the United States at New York, New York, on July 13, 2000, as a non-immigrant visitor. Although Mr. Mundle claimed previous entry to the United States on a student visa in 1999, immigrations officials could not verify this claim. He has never been a Lawful Permanent Resident of the United States.
>
> [Immigration and Customs Enforcement ("ICE")] officials encountered Mr. Mundle at FCI-Allenwood while he was serving a twenty-seven month sentence following a July 13, 2016 conviction in the United States District Court, Southern District of New York, for transmitting a threat in interstate commerce in violation of 18 U.S.C. § 875(c). In addition to the conviction he was serving, Mr. Mundle had compiled several other criminal convictions including conspiracy to distribute and possess with intent to distribute controlled substances (marijuana) and aiding and abetting the discharge of a firearm. A 41 month term of imprisonment was imposed by the United States District Court, Southern District of New York.

> On January 5, 2017, the same day Mr. Mundle was taken into ICE custody, ICE officials issued a Notice of Intent to Issue a Final Administrative Removal Order charging Mr. Mundle as removable from the United States pursuant to Section 237(a)(2)(A)(iii) of the INA based on his conviction for an aggravated felony as defined in Section 101(a)(43) of the INA. On January 30, 2017, Mr. Mundle was served with a Final Administrative Removal Order. In relevant part, the Order states:
>
>> I find that you are not a citizen or national of the United States and that you are not lawfully admitted for permanent residence. I further find that you have a final conviction for an aggravated felony as defined in section 101(a)(43)(B+U) of the Immigration and Nationality Act (Act) as amended, 8 U.S.C. 1101(a)(43)(B+U), and are ineligible for any relief from removal that the Secretary of Homeland Security, may grant in an exercise of discretion. I further find that the administrative record established by clear, convincing, and unequivocal evidence that you are deportable as an alien convicted of an aggravated felon pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii) . . . I find you deportable as charged and order that you be removed from the United States to Jamaica or to any alternative country prescribed in section 241 of the Act.
>
> On May 16, 2017, noting that Mr. Mundle was "IN WITHHOLDING-ONLY PROCEEDINGS," an IJ denied Petitioner's application for deferral of removal under the Convention Against Torture. Petitioner appealed the IJ's decision to the Board of Immigration Appeals (BIA). On October 20, 2017, the BIA dismissed Petitioner's appeal.
>
> On October 27, 2017, Mr. Mundle filed a Petition for Review with the United States Court of Appeals for the Third Circuit and requested a stay of his removal order. The same day the Third Circuit Court of Appeals granted Mr. Mundle a temporary stay of removal until the Court could "consider [Mr. Mundle's] motion for a stay of removal." . . .

(Doc. 14, 2-5 (internal citations and footnotes omitted)).

After being taken into ICE custody, Petitioner filed a § 2241 petition on August 16, 2017. (*See* Doc. 1, *generally*). On January 29, 2018, I granted the petition insofar as Petitioner requested an individualized bond hearing, but the petition was denied to the extent Petitioner sought immediate release from detention. (*See* Doc. 14, ¶¶ 1-2). In so doing, I noted that Petitioner had been convicted of an aggravated felony as

defined by 8 U.S.C. § 1227(a)(2)(A)(iii), so his pre-final order detention was governed by 8 U.S.C. § 1226(c). (*See* Doc. 13, 5). And, finding Petitioner at that time had been subject to mandatory detention for over a year, I concluded that Petitioner was entitled to an individualized bond hearing before an Immigration Judge ("IJ") in accordance with *Diop v. ICE/Homeland Security*, 656 F.3d 221, 233 (3d Cir. 2011). (*See id*. at 7).[1]

A bond hearing was held before an IJ on February 8, 2018. (*See* Doc. 18, Ex. "1"). The IJ denied bond to Petitioner, explaining that "the fact that [Petitioner] has already exhausted one level of appeals, coupled with his outstanding order of removal, gives the Court considerable pause regarding Respondent's willingness to wait out the Third Circuit's ruling and appear for any future proceedings." (*Id*. at 4).

Petitioner then filed the instant Rule 60(b) motion/motion to enforce. (*See* Doc. 16, *generally*). Specifically, Petitioner contends that the IJ applied the incorrect standard when determining that he was a flight risk. (*See id*. at 2). As a result, Petitioner requests that I hold a new bail hearing and thereafter release him under appropriate conditions of supervision. (*See id*. at 18).

Respondent opposes the Rule 60(b) motion/motion to enforce, arguing, *inter alia*, that the motion should be denied because Petitioner failed to exhaust his administrative remedies. (*See* Doc. 18, 3-7). Respondent is of the view that "after a district court's order to hold a bond hearing before the immigration judge, the habeas petitioner may not then shortcut the administrative remedy process by receiving another bond hearing before the district court. Exhaustion requires the alien to first appeal the immigration judge's decision denying bond to the BIA, and then file a new

---

[1] In *Diop*, the Third Circuit construed § 1226(c) to contain an implicit "reasonable" time limit on the period for which detention without a bond hearing was statutorily authorized. *See* 656 F.3d at 231. The Supreme Court abrogated that holding in *Jennings v. Rodriguez*, - - - U.S. - - -, 138 S. Ct. 830, 846-47, 200 L. Ed. 2d 122 (2018). *See Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 222 n.11 (3d Cir. 2018).

3

habeas matter seeking review of the BIA decision, if necessary." (*Id*. at 6). Petitioner filed a reply, disputing that he needed to exhaust his request for review of the IJ's bond determination because the hearing "was legally insufficient under the standards set forth in prevailing case law and under the constitutional due process requirement," which rendered the relief granted by the habeas writ "meaningless." (Doc. 20, 2).

Most recently, Petitioner filed a supplemental motion to enforce my prior order on December 14, 2018. (*See* Doc. 23, *generally*). Therein, Petitioner indicates that on September 4, 2018, the Third Circuit granted his motion for a stay of removal is granted. (*See id*. at 3); *see also Mundle v. Att'y Gen. of United States*, 17-3360 (3d Cir. Sept. 4, 2018) (docket sheet, available at https://ecf.ca3.uscourts.gov) (last visited Oct. 18, 2019). In light of the Third Circuit's order, Petitioner requested a change of custody status and that bond be reconsidered. (*See* Doc. 20, 3). The request for change of custody status was denied on October 25, 2018. (*See* Doc. 24, Ex. "1").

Additionally, on December 17, 2018, the Immigration Court again considered whether Petitioner was entitled to bond. (*See* Doc. 24, Ex. "2""). Bond was denied at that time as well based on the IJ's finding that danger to the community and flight risk were established by clear and convincing evidence. (*See id*.).

## II. Discussion

Both of Petitioner's motions will be denied. The Rule 60(b) motion/motion to enforce fails for two reasons as explained by this Court in *Pierre v. Sabol*, No. 11-2184, 2012 WL 2921794, at *1 (M.D. Pa. July 17, 2012) (Caldwell, J.). First, Petitioner has not demonstrated extraordinary circumstances as required to obtain relief under Rule 60(b). *See id*. Indeed, Petitioner received the relief previously ordered - a bond hearing. *See id*. Second, Petitioner is required to appeal that bond determination to the BIA, and his request cannot be considered until he has done so. *See id*. While Respondent argues that Petitioner failed to appeal this determination to the BIA, (*see* Doc. 15,6), Petitioner in a subsequent filing claims that he appealed that bond determination to the BIA, but the appeal was denied. (*See* Doc. 23, 3).

4

Petitioner's avenue for relief is not by way of Rule 60(b), but instead it is to file another § 2241 petition seeking review of the decision of the BIA. *See Pierre*, 2012 WL 2921794, at *2.

Petitioner's supplemental motion to enforce fails as well. Pursuant to the Third Circuit's decision in *Leslie v. Attorney Gen. of United States,* 678 F.3d 265, 270 (3d Cir.2012), *abrogated in part and on other grounds by Jennings*, - - - U.S. - - -, 138 S. Ct. at 847, Petitioner's detention is governed by § 1226 since the Third Circuit has stayed his removal. *See Leslie*, 678 F.3d at 270 ("§ 1226, not § 1231, governs detention during a stay of removal."). Nonetheless, ICE considered Petitioner for a change of custody on October 25, 2018 on motion of Petitioner, and on December 17, 2018 based on its own internal procedures. Both times, the IJ denied Petitioner bond. Nothing in the record, however, indicates that Petitioner exhausted the necessary appeals process for these denials by appealing to the BIA. As such, Petitioner has not exhausted his administrative remedies with respect to the second and third bond determinations by the IJ. *See*, *e.g.*, *Saravia v. Green*, No. 17-34559, 2017 WL 6513345, at *3 (D.N.J. Dec. 15, 2017) (adverse decision of bond hearing must be appealed to the BIA); *Nepomuceno v. Holder*, No. 11-6825, 2012 WL 715266, at *2 (D.N.J. Mar. 5, 2012); *see also Matue-Vazquez v. Green*, No. 16-9169, at 2018 WL 401786, at *2 (D.N.J. Jan. 9, 2018) ("any claim for a bond hearing based on changed circumstances should not be brought in this Court; rather, it must be brought in the immigration court, and any adverse decision must be appealed to the BIA."); *Hlali v. Doll*, No. 17-1371, 2017 WL 6508811, at *4 (M.D. Pa. Dec. 20, 2017) ("The record does not indicate, nor does Hlali state, that he filed an appeal of the bond redetermination to the BIA. The court thus finds that Hlali failed to exhaust his available administrative remedies.").

### III. Conclusion

For the above stated reasons, Petitioner's motion seeking relief from judgment/to enforce prior order and supplemental motion to enforce prior order will be denied.

An appropriate order follows.

October 23, 2019  /s/ A. Richard Caputo
Date             A. Richard Caputo
                 United States District Judge